IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHAMEKA RADFORD,

    Petitioner,

v.                                    Civil Action No. 5:07CV32
                                                     (STAMP)
UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On February 28, 2007, pro se petitioner Chameka Radford filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government filed a response. The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. On July 11, 2007, Magistrate Judge Seibert issued a report recommending that the petitioner's § 2255 application be denied because in her plea agreement the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. To date, no objections have been filed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation for clear error.

## III. Discussion

The petitioner contends in her § 2255 petition that she received ineffective assistance of counsel because her attorney failed to obtain a "safety valve" reduction, failed to argue for a sentence reduction because the petitioner played a minimal role in the offense, and failed to identify other options for obtaining a downward departure or offense level modification. Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 application be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction when she pled guilty to a one-count information charging her with interstate transportation in aid of racketeering. Specifically,

the petitioner signed a plea agreement on November 28, 2005[1] which stated that she "waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255." This Court agrees that the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction. Therefore, the petitioner's application for habeas corpus pursuant to § 2255 must be denied.

## V. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

---

[1]The plea agreement was accepted and filed by this Court on December 29, 2005.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 7, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE